**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ABC Water LLC, | No. CV-18-04851-PHX-SPL |
| Plaintiff, | **ORDER** |
| vs. | |
| APlus Water LLC, | |
| Defendant. | |

Plaintiff ABC Water LLC (the "Plaintiff") filed suit against APlus Water LLC (the "Defendant") alleging multiple causes of action for trademark infringement and unfair competition, among other claims. (Doc. 1) The Defendant moves to dismiss the Plaintiff's claims against it (the "Motion"). (Doc. 12) The Motion was fully briefed on February 21, 2019. (Docs. 14, 15) Oral argument was not requested. The Court's ruling is as follows.

**I. Background**

The Plaintiff distributes water softeners, water filters, and related tools using the "ABCwaters" trademark and service mark. (Doc. 1 at 2) The Defendant distributes water softeners and is a competitor of the Plaintiff. (Doc. 1 at 4) The Plaintiff owns the copyrights for approximately six images related to its products. (Doc. 1-4; Doc. 1 at 4) Both the Plaintiff and the Defendant sell their products on Amazon.com. (Doc. 1 at 2, 5) The Plaintiff alleges that the Defendant used the Plaintiff's "ABCwaters" trademark and

several of the Plaintiff's copyrighted images without permission. (Doc. 1 at 7) The Plaintiff initiated this lawsuit alleging causes of action for trademark infringement, among other claims (the "Complaint"). (Doc. 1) The Defendant filed the Motion seeking dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 12)

## II. Legal Standard

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court may dismiss a complaint for failure to state a claim under Federal Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, and (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacificia Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In deciding a motion to dismiss, the Court must "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In comparison, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" are not entitled to the assumption of truth, and "are insufficient to defeat a motion to dismiss for failure to state a claim." *Id.*; *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). A plaintiff need not prove the case on the pleadings to survive a motion to dismiss. *OSU Student All. v. Ray*, 699 F.3d 1053, 1078 (9th Cir. 2012).

A court ordinarily may not consider evidence outside the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. *Zemelka v. Trans Union LLC*, 2019 WL 2327813, at 1 (D. Ariz. May 31, 2019) (*citing United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). "A court may, however, consider materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial

notice—without converting the motion to dismiss into a motion for summary judgment." *Id*. Additionally, "[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Lovelace v. Equifax Info. Servs. LLC*, 2019 WL 2410800, at 1 (D. Ariz. June 7, 2019) (*citing Ritchie*, 342 F.3d at 908). A plaintiff need "not explicitly allege the contents of that document in the complaint" for the court to consider it, as long as the "plaintiff's claim depends on the contents of [the] document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). "[T]he district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Ritchie*, 342 F.3d at 908.

**III. Analysis**

The Defendant seeks dismissal of the Complaint pursuant to FRCP 12(b)(6). However, throughout the Motion, the Defendant fails to attack the sufficiency of the allegations pleaded in the Complaint. Instead, the Defendant asks for the Court to find that the allegations in the Complaint are not plausible based on an "Amazon Business Solutions Agreement" (the "ABS Agreement"), which the Defendant argues controls the dispute between the parties. (Doc. 12 at 2) In response, the Plaintiff argues that the Motion is improper because it seeks dismissal pursuant to an affirmative defense, and the Court should not properly consider the ABS Agreement in deciding the Motion. (Doc. 14 at 2) The Defendant attempts to redeem the Motion by focusing the arguments made in its reply on the insufficiency of the allegations made in the Complaint. (Doc. 15)

First, the Court reiterates that a motion to dismiss pursuant to FRCP 12(b)(6) focuses on whether or not a plaintiff has alleged sufficient facts to state a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating "[t]o survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than 'labels and conclusions' or a 'formulaic recitation of

the elements of a cause of action'; it must contain factual allegations sufficient to 'raise a right to relief above the speculative level.'"). In this case, the Defendant asks the Court to move beyond the sufficiency of the allegations in the Complaint and focus on contract interpretation. Specifically, the Defendant requests for the Court to "interpret the terms of the [ABS Agreement] as a matter of law," and dismiss the Complaint solely based on the Court's interpretation of the ABS Agreement. (Doc. 12 at 4) The Court finds that dismissal on the basis of contract interpretation is not properly addressed through a FRCP 12(b)(6) motion. *Johnson v. KB Home*, 720 F. Supp. 2d 1109, 1118 (D. Ariz. 2010) (stating that the Court would decline to interpret a contract on a motion to dismiss); *Seitz v. Rheem Mfg. Co.*, 544 F. Supp. 2d 901, 910 (D. Ariz. 2008) (stating "it would be premature at the motion to dismiss stage for the Court to delve into contractual interpretation").

The Court also finds that it is inappropriate to consider the terms of the ABS Agreement in deciding the Motion because the ABS Agreement was not incorporated in the Complaint. "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment". See Fed. R. Civ. P. 12(b); *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003) (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 n. 4 (9th Cir.1998)). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id*. The Plaintiff argues that the ABS Agreement was not attached to the Complaint or referenced in the Complaint. (Doc. 14 at 3) The Court agrees that there is no mention of the ABS Agreement in the Complaint, and the ABS Agreement is not attached to the Complaint.

The Court also finds that the ABS Agreement is not properly considered via judicial notice. Generally, a court may not consider evidence or documents beyond a complaint in the context of a FRCP 12(b)(6) motion. As exceptions, (i) "a court may

4

consider documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading,'" and (ii) "a court may take judicial notice of 'matters of public record outside the pleadings.'" *Ramirez v. Medtronic Inc.*, 961 F. Supp. 2d 977, 983 (D. Ariz. 2013). Here, the contents of the ABS Agreement were not alleged in the Complaint, and the Plaintiff reserved its right to challenge the authenticity of the ABS Agreement. (Doc. 14 at 1) Therefore, the Court declines to consider the ABS Agreement to resolve the Motion.

Finally, the Defendant argues in its reply (Doc. 15) that the allegations in the Complaint are insufficient to state a claim under FRCP 12(b)(6). It is well settled that a party cannot rely on arguments made in a reply that are not made in the original motion. *Surowiec v. Capital Title Agency, Inc.*, 790 F. Supp. 2d 997, 1002 (D. Ariz. 2011) (stating "[i]t is well established in this circuit that courts will not consider new arguments raised for the first time in a reply brief").

Accordingly,

**IT IS ORDERED** that Defendant APlus Water LLC's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 12) is **denied**.

Dated this 16th day of August, 2019.

Honorable Steven P. Logan
United States District Judge