David E. Rogers (#019274)
David G. Barker (#024657)
Jacob C. Jones (#029971)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
Telephone:  602.382.6000
drogers@swlaw.com
dbarker@swlaw.com
jcjones@swlaw.com

Attorneys for Plaintiff
ABC Water LLC

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| ABC Water LLC, an Arizona limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>APlus Water, LLC, an Indiana limited liability company,<br><br>    Defendant. | Case No. 2:18-cv-04851-SPL<br><br>FIRST AMENDED COMPLAINT FOR:<br><br>False Designation of Origin and Unfair Competition Under 15 U.S.C. § 1125(a); Common Law Trademark and Service Mark Infringement; Common Law Unfair Competition and False Advertising; Copyright Infringement; and Federal Trademark Infringement<br><br>JURY TRIAL DEMANDED |

Plaintiff ABC Water LLC ("ABC" or "Plaintiff"), for its Complaint, avers:

**PARTIES, JURISDICTION AND VENUE**

1. This is a civil action arising under: (a) the United States Trademark Act of 1946, as amended, 15 U.S.C. § 1051, et seq. ("Lanham Act"), for trademark infringement, false representations, descriptions and designations of origin, and false advertising; (b) the laws of the State of Arizona relating to trademarks, service marks, false advertising, and unfair competition; and (c) for copyright infringement under 17 U.S.C. §§ 501 et seq.

2. Plaintiff is an Arizona limited liability company.

3. Plaintiff maintains a principal place of business at 23910 N. 19th Avenue,

Suite 8, Phoenix, AZ 85085.

4. On information and belief, Defendant is an Indiana limited liability company.

5. Defendant sells products on the website www.amazon.com ("Amazon") that are the subject of this lawsuit, wherein the products are available throughout the United States, including in Arizona.

6. Defendant is aware that Plaintiff is located in Phoenix, Arizona.

7. This Court has subject matter jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and the principles of supplemental jurisdiction.

8. This Court has personal jurisdiction over the Defendant at least because the products and product listings giving rise to this lawsuit are offered for sale and made available in Arizona, and Defendant has intentionally used marks identical to Plaintiff's "ABCwaters" mark, and has copied Plaintiff's copyrights, and Defendant knows that Plaintiff resides in this District.

9. Unless stated otherwise, as used herein the term "ABCwaters mark" includes the marks "ABCwaters," "ABC waters," and "602abcWATER."

10. Venue is proper under 28 U.S.C. § 1391(b) and (c) because Plaintiff resides in this District, at least some of the events giving rise to the claims alleged herein occurred in this District, and Defendant is subject to personal jurisdiction in this District.

## **GENERAL ALLEGATIONS**

### **ABCwaters Mark**

11. ABC is a distributor of, among other things, water softeners, related tools and parts, and water filters.

12. ABC is a distributor of Pentair products.

13. ABC sells its products on Internet websites, including on Amazon.

14. ABC sells its products on Amazon using the "ABCwaters" trademark and service mark.

15. True and correct copies of some of ABC's use of ABCwaters on Amazon are attached hereto as collective Exhibit 1.

16. ABC sells its products on its own website at 602abcwater.com using the "ABCwaters" trademark and service mark.

17. ABC owns a federal trademark registration, Registration Number 5,801,595, for the mark "602abcWATER," for the following goods: "Residential water filters, residential water softener units, residential water filtration apparatus, and residential water heaters, and not clarifiers for treatment of wastewater, wastewater tanks, septic tanks, or wastewater treatment apparatus."

18. True and correct copies of some of ABC's product listings on its website are attached hereto as collective Exhibit 2.

19. As a result of ABC's marketing and use of the "ABCwaters" mark, consumers know, identify and distinguish ABC's services and products from the services and products of others by the "ABCwaters" mark.

20. ABC has established goodwill in the "ABCwaters" mark.

21. Plaintiff has developed common-law rights in the "ABCwaters" mark within Arizona.

**Copyright Rights**

22. ABC is the owner of the image attached as Exhibit 3.

23. A copyright application was filed by ABC in the U.S. Copyright Office on December 11, 2018 for the image shown in Exhibit 3, and a registration certificate issued thereafter.

24. A true and correct copy of the copyright registration certificate referenced in the preceding paragraph is attached hereto as Exhibit 4.

25. ABC is the owner of the image attached as Exhibit 5.

4848-9384-5678

26. A copyright application was filed by ABC in the U.S. Copyright Office on December 11, 2018 for the image shown in Exhibit 5, and a registration certificate issued thereafter.

27. A true and correct copy of the copyright registration certificate referenced in the preceding paragraph is attached hereto as Exhibit 6.

28. ABC is the owner of the image attached as Exhibit 7.

29. A copyright application was filed by ABC in the U.S. Copyright Office on December 11, 2018 for the image shown in Exhibit 7, and a registration certificate issued thereafter.

30. A true and correct copy of the copyright registration certificate referenced in the preceding paragraph is attached hereto as Exhibit 8.

31. ABC is the owner of the image attached as Exhibit 9.

32. A copyright application was filed by ABC in the U.S. Copyright Office on December 11, 2018 for the image shown in Exhibit 9, and a registration certificate issued thereafter.

33. A true and correct copy of the copyright registration certificate referenced in the preceding paragraph is attached hereto as Exhibit 10.

34. ABC owns the image attached as Exhibit 11.

35. A copyright application was filed by ABC in the U.S. Copyright Office on December 11, 2018 for the image shown in Exhibit 11, and a registration certificate issued thereafter.

36. A true and correct copy of the copyright registration certificate referenced in the preceding paragraph is attached hereto as Exhibit 12.

37. ABC is the owner of the image attached as Exhibit 13.

38. A copyright application was filed by ABC in the U.S. Copyright Office on December 11, 2018 for the image shown in Exhibit 13, and a registration certificate issued thereafter.

4848-9384-5678

39. A true and correct copy of the copyright registration certificate referenced in the preceding paragraph is attached hereto as Exhibit 14.

**Defendant's Unauthorized Uses**

40. Defendant is a distributor of water softeners.

41. Defendant is a distributor of Pentair products.

42. Defendant is a competitor of ABC.

43. Defendant promotes and sells water softeners on Amazon.

44. Defendant offers its water softeners for sale nationwide, including to Arizona residents.

45. Defendant places product listings on Amazon for its water softeners.

46. Defendant uses the term "ABCwaters" in its Amazon product listings.

47. True and correct copies of Defendant's Amazon product listings using "ABCwaters" are attached as collective Exhibit 15.

48. ABC provides a specialized wrench with the water softeners it sells on Amazon.

49. The specialized wrench referenced in the preceding paragraph bears the mark "ABC."

50. A true and correct image of the specialized wrench referenced in the two preceding paragraphs is attached hereto as Exhibit 16.

51. Defendant does not provide the specialized wrench shown in Exhibit 16.

52. At least some of Defendant's Amazon product listings show the specialized wrench shown in Exhibit 16.

53. Attached as Exhibit 17 is a true and correct copy of an image of the specialized wrench as shown in Defendant's Amazon product listing.

54. Defendant's representation that it provides the specialized wrench shown in Exhibit 16 or Exhibit 17 is false.

55. ABC provides a parts bag with the water softeners it sells on Amazon.

56. The parts bag referenced in the preceding paragraph bears the mark "ABCwaters."

57. A true and correct image of the parts bag referenced in the two preceding paragraphs is attached hereto as Exhibit 18.

58. Defendant does not provide the parts bag shown in Exhibit 18.

59. At least some of Defendant's Amazon product listings show the parts bag shown in Exhibit 18.

60. Attached as Exhibit 19 is a true and correct copy of an image of the parts bag as shown in Defendant's Amazon product listing.

61. Defendant's representation that it provides the parts bag shown in Exhibit 18 or Exhibit 19 is false.

62. ABC provides an installation manual with the water softeners it sells on Amazon.

63. The installation manual referenced in the preceding paragraph bears the mark "ABCwaters."

64. A true and correct image of the instruction manual referenced in the two preceding paragraphs is attached hereto as Exhibit 20.

65. ABC created the installation manual shown in Exhibit 20.

66. Defendant does not provide the installation manual shown in Exhibit 20.

67. At least some of Defendant's Amazon product listings show the installation manual shown in Exhibit 20.

68. Attached as Exhibit 21 is a true and correct copy of an image of the installation manual as shown in Defendant's Amazon product listing.

69. Defendant's representation that it provides the installation manual shown in Exhibit 20 or Exhibit 21 is false.

70. ABC provides a controller with the water softeners it sells on Amazon.

71. The controller referenced in the preceding paragraph bears the mark "ABC."

4848-9384-5678

72. A true and correct image of the controller referenced in the two preceding paragraphs is attached hereto as Exhibit 22.

73. Defendant does not provide the controller shown in Exhibit 22.

74. At least some of Defendant's Amazon product listings show the controller shown in Exhibit 22.

75. Attached as Exhibit 23 is a true and correct copy of the controller as shown in Defendant's Amazon product listing.

76. Defendant's representation that it provides the controller shown in Exhibit 22 or Exhibit 23 is false.

77. A product listing on Amazon requires an inventory level greater than zero for the product listing to be visible.

78. Defendant does not have ABC's permission or authorization to use the mark "ABCwaters."

79. Defendant does not have authorization to use the image attached hereto as Exhibit 3.

80. Defendant does not have authorization to use the image attached hereto as Exhibit 5.

81. Defendant does not have authorization to use the image attached hereto as Exhibit 7.

82. Defendant does not have authorization to use the image attached hereto as Exhibit 9.

83. Defendant does not have authorization to use the image attached hereto as Exhibit 11.

84. Defendant does not have authorization to use the image attached hereto as Exhibit 13.

85. On October 25, 2018, ABC emailed Defendant, informed Defendant of ABC's rights in the ABCwaters mark and requested Defendant to remove certain Amazon product listings.

86. A true and correct copy of the communication referenced in the preceding paragraph is attached hereto as Exhibit 24.

87. Defendant did not respond to the communication attached as Exhibit 24.

88. On November 6, 2018, ABC's attorneys sent Defendant a letter asking Defendant to cease and desist using the "ABCwaters" mark.

89. A true and correct copy of the letter referenced in the preceding paragraph is attached as Exhibit 25.

90. On November 21, 2018, ABC's attorneys sent an email to Defendant's attorney identifying some of Defendant's infringing Amazon product listings.

91. A true and correct copy of the email referenced in the preceding paragraph is attached as Exhibit 26.

92. After the email attached as Exhibit 26 was sent the infringing product listings were removed within hours.

93. After the infringing product listings referenced above were removed, ABC's attorneys sent Defendant's attorney the email attached hereto as Exhibit 27.

94. On November 23, 2018, ABC's attorneys sent a follow-up communication to Defendant's attorney, which is attached hereto as Exhibit 28.

95. Defendant has actual notice of ABC's ownership of the "ABCwaters" marks.

96. Defendant is promoting and advertising water softeners utilizing the "ABCwaters" mark.

## COUNT ONE

**(False Designation of Origin and Unfair Competition Under 15 U.S.C. § 1125(a))**

97. ABC hereby incorporates by reference all previous allegations of this Complaint as if specifically set forth herein.

98. As a result of ABC's use of the "ABCwaters" mark in connection with water softeners, related tools, parts, controls, and an installation manual, and distribution

services related thereto, ABC has developed enforceable rights and goodwill in the "ABCwaters" mark.

99. Defendant has used and continues to use the term "ABCwaters" in a manner likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, sponsorship, approval or association of Defendant with ABC or ABC's products or services, and/or is likely to create confusion as to the origin of ABC's and/or Defendant's services in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

100. On information and belief, Defendant intends to continue to trade upon the goodwill and consumer recognition associated with the "ABCwaters" mark.

101. Defendant has caused a likelihood of customer confusion as to the source of origin or relationship of ABC's and Defendant's products or services, and has otherwise competed unfairly with ABC.

102. Defendant's past and ongoing harm of ABC is irreparable, continuing to the present and foreseeable future, and is a serious and unmitigated hardship.

103. As a direct and proximate cause of Defendant's conduct, ABC has been damaged in an amount not totally ascertainable and will continue to suffer irreparable injury to its goodwill, its rights and to its business, unless and until Defendant and others in active concert are restrained from continuing their wrongful acts.

104. Defendant's actions complained of herein are willful with an intent to deceive relevant consumers.

### COUNT TWO
**(Common Law Trademark Infringement and Unfair Competition)**

105. ABC incorporates by reference all previous allegations of this Complaint as if specifically set forth herein.

106. ABC owns and enjoys common law rights in the State of Arizona in and to the "ABCwaters" mark in connection with water softeners, related tools and parts, related installation manual, and the sale and distribution of such products.

4848-9384-5678

107. Defendant's use of the term "ABCwaters" is in competition with ABC, and constitutes unfair competition and trademark infringement at common law.

108. Defendant's past and ongoing harm of ABC is irreparable, continuing to the present and foreseeable future, and is a serious and unmitigated hardship.

109. As a direct and proximate cause of Defendant's conduct, ABC has been damaged in an amount not totally ascertainable and will continue to suffer irreparable injury to its goodwill, its rights and to its business, unless and until Defendant and others in active concert are restrained from continuing their wrongful acts.

110. Defendant's actions complained of herein are willful with an intent to deceive relevant consumers.

## **COUNT THREE**
### **(Copyright Infringement)**

111. ABC incorporates by reference all previous allegations of this Complaint as if specifically set forth herein.

112. This is an action for copyright infringement under the Copyright Act, 17 U.S.C. §§ 501, *et seq*.

113. ABC is the owner of the images in Exhibits 3, 5, 7, 9, 11 and 13 to this Complaint.

114. Each of the images referenced in the preceding paragraph contain copyrightable subject matter under 17 U.S.C. §§ 101, *et seq*.

115. ABC has obtained United States copyright registration certificates for each of the images shown in Exhibits 3, 5, 7, 9, 11 and 13.

116. True and correct copies of the copyright registration certificates are attached hereto as Exhibits 4, 6, 8, 10, 12 and 14.

117. Defendants' deliberate copying of ABC's product images infringes and continues to infringe ABC's copyrights in violation of 17 U.S.C. § 501(a).

4848-9384-5678

118. Defendant is directly infringing ABC's exclusive right to reproduce copies, make derivative works, distribute copies, and display its images under 17 U.S.C. §§ 106(1)–(3), (5).

119. Upon information and belief, Defendant's infringement has been willful and deliberate.

120. Defendants, by their actions, have damaged ABC in an amount to be determined at trial.

121. Defendants, by their actions, have irreparably injured ABC. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of ABC's rights, for which ABC has no adequate remedy at law.

## **COUNT FOUR**
### **(Unfair Competition Under 15 U.S.C. § 1125(a))**

122. ABC incorporates by reference all previous allegations of this Complaint as if specifically set forth herein.

123. ABC is the owner of the images in Exhibits 3, 5, 7, 9, 11 and 13 to this Complaint.

124. Defendant has, without authorization, copied the images shown in in Exhibits 3, 5, 7, 9, 11 and 13 to this Complaint, and uses them in ads or product listings, sell products that compete with Plaintiff's products.

125. Defendants' deliberate copying of ABC's product images is unfair competition at common law.

126. Defendant does not provide the specialized wrench shown in Exhibit 16.

127. Defendant's representation that it provides the specialized wrench shown in Exhibit 16 or Exhibit 17 is false.

128. Defendant does not provide the parts bag shown in Exhibit 18.

129. Defendant's representation that it provides the parts bag shown in Exhibit 18 or Exhibit 19 is false.

4848-9384-5678

130. Defendant does not provide the installation manual shown in Exhibit 20.

131. Defendant's representation that it provides the installation manual shown in Exhibit 20 or Exhibit 21 is false.

132. Defendant does not provide the controller shown in Exhibit 22.

133. Defendant's representation that it provides the controller shown in Exhibit 22 or Exhibit 23 is false.

134. Defendant's representation that it provides Plaintiff's wrench, parts bag, installation manual, or controller is unfair competition at common law.

135. Upon information and belief, Defendant's actions have been willful and deliberate.

136. Defendants, by their actions, have damaged ABC in an amount to be determined at trial.

137. Defendants, by their actions, have irreparably injured ABC. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of ABC's rights, for which ABC has no adequate remedy at law.

## COUNT FIVE
**(Common-Law Unfair Competition and False Advertising)**

138. ABC incorporates by reference all previous allegations of this Complaint as if specifically set forth herein.

139. ABC is the owner of the images in Exhibits 3, 5, 7, 9, 11 and 13 to this Complaint.

140. Defendant has, without authorization, copied the images shown in in Exhibits 3, 5, 7, 9, 11 and 13 to this Complaint, and uses them in ads or product listings, sell products that compete with Plaintiff's products.

141. Defendant is passing off its Products as those that are provided by Plaintiff.

142. As a result of Defendant's copying of Plaintiff's images, Plaintiff has lost Product sales, which have been diverted to Defendant.

4848-9384-5678

143. Defendants' deliberate copying of ABC's product images is unfair competition at common law.

144. Defendant does not provide the specialized wrench shown in Exhibit 16.

145. Defendant's representation that it provides the specialized wrench shown in Exhibit 16 or Exhibit 17 is false.

146. Defendant does not provide the parts bag shown in Exhibit 18.

147. Defendant's representation that it provides the parts bag shown in Exhibit 18 or Exhibit 19 is false.

148. Defendant does not provide the installation manual shown in Exhibit 20.

149. Defendant's representation that it provides the installation manual shown in Exhibit 20 or Exhibit 21 is false.

150. Defendant does not provide the controller shown in Exhibit 22.

151. Defendant's representation that it provides the controller shown in Exhibit 22 or Exhibit 23 is false.

152. Defendant's false representations that it provides Plaintiff's wrench, parts bag, installation manual, or controller is false advertising and unfair competition at common law.

153. As a result of Defendant's false representations, Plaintiff has lost Product sales, which have been diverted to Defendant.

154. Upon information and belief, Defendant's actions have been willful and deliberate.

155. Defendants, by their actions, have damaged ABC in an amount to be determined at trial.

156. Defendants, by their actions, have irreparably injured ABC. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of ABC's rights, for which ABC has no adequate remedy at law.

4848-9384-5678

## COUNT SIX

## (Trademark Infringement Under 15 U.S.C. § 1114)

157. ABC incorporates by reference all previous allegations of Count I herein.

158. ABC owns U.S. Trademark Registration No. 5,801,595 for "602abcWATER."

159. Defendant has used and continues to use the registered mark "602abcWATER" in connection with the sale, offering for sale, distribution, and advertising of goods on or in connection with which such use is likely to cause confusion, or to cause mistake, or deceive, manner likely to cause confusion, to cause mistake, or to deceive, in violation of 15 U.S.C. § 1114.

160. Defendant's past and ongoing harm of ABC is irreparable, continuing to the present and foreseeable future, and is a serious and unmitigated hardship.

161. As a direct and proximate cause of Defendant's conduct, ABC has been damaged in an amount not totally ascertainable and will continue to suffer irreparable injury to its goodwill, its rights and to its business, unless and until Defendant and others in active concert are restrained from continuing their wrongful acts.

162. Defendant's actions complained of herein are willful with an intent to deceive relevant consumers

## PRAYER FOR RELIEF

WHEREFORE, ABC respectfully prays for relief against Defendant as follows:

A. For a temporary restraining order, and preliminary and permanent injunction pursuant to 15 U.S.C. § 1116, 17 U.S.C. § 502, and state common-law remedies restraining Defendant, its agents, servants, employees and all persons in active concert or participation with it who receive actual notice of the injunction by personal service or otherwise from doing, abiding, causing, aiding or abetting any of the following:

    (1) in any way using or displaying the term "ABCwaters" (one word or two, singular or plural, or whether used with other terms) or any confusingly similar mark in connection with the provision of water

4848-9384-5678

|   |   |   |   |
|---|---|---|---|
| 1 |   |   | softeners, related parts or tools, or manuals; |
| 2 |   | (2) | otherwise infringing the "ABCwaters" mark; |
| 3 |   | (3) | copying ABC's photographs in ads or product listings used to |
| 4 |   |   | compete with ABC; |
| 5 |   | (4) | falsely representing that it provides ABC's specialized wrench; |
| 6 |   | (5) | falsely representing that it provides ABC's parts bag; |
| 7 |   | (6) | falsely representing that it provides ABC's installation manual; |
| 8 |   | (7) | falsely representing that it provides ABC's controller; |
| 9 |   | (8) | competing unfairly with ABC in any manner. |

B. That Defendant be directed to account and pay to ABC all damages suffered by Plaintiff as a result of Defendant's wrongful conduct described herein including Defendant's violation of the Lanham Act, pursuant to 15 U.S.C. § 1117, 17 U.S.C. § 504, and state law, as well as to account for all gains, profits and advantages derived by such wrongful conduct.

C. That such damages caused by Defendant be trebled in accordance with 15 U.S.C. § 1117 because its infringement of the "ABCwaters" mark is willful and warrants enhanced damages.

D. That ABC be awarded punitive damages under state law as the Court may find appropriate because Defendant's infringement is willful and intentional.

E. That ABC be awarded its attorneys' fees and costs incurred herein under the provisions of 15 U.S.C. § 1117 because this is an exceptional case.

F. That ABC be awarded its damages and Defendants' profits under 17 U.S.C. § 504, as well as enhanced damages pursuant to 17 U.S.C. § 504.

G. That ABC be awarded its attorneys' fees and costs incurred herein under the provisions of 17 U.S.C. § 505.

H. That ABC be awarded post-judgment interest on the foregoing sums at the maximum rate permitted by law from the date judgment is entered until paid.

I. For such other and further relief as the Court deems appropriate under

4848-9384-5678

the circumstances.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, ABC hereby demands a trial by jury on all issues so triable.

Dated: December 13, 2019

Respectfully submitted,

SNELL & WILMER L.L.P.

By: *s/ Jacob C. Jones*
David E. Rogers
David G. Barker
Jacob C. Jones
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000

Attorneys for Plaintiff
ABC International, Inc.

# **CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2019, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record, including recently-substituted counsel of record for the Defendant: P. Stephen Fardy and Jonna McGinley Reilly of Swanson, Martin, & Bell, LLP.

By: */s/ Christine Logan*

4848-9384-5678